UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

    Petitioner,

v.

CASE NO. 5:07-CV-12770
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Brian A. Warren, ("petitioner"), incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* application for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for receiving and concealing stolen property under $ 100.00. [1] For the reasons stated below, the instant petition is dismissed without prejudice.

### I. Background

Petitioner was convicted of the above offense in 1985 and was sentenced to probation.

Petitioner has now filed the instant application in which he seeks habeas relief on the following ground:

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Ryan Correctional Facility, but has since been transferred to the Muskegon Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Shirlee A. Harry, the warden of the Muskegon Correctional Facility, the current location of Petitioner. However, because the Court is dismissing the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

I.  Petitioner has been deprived of his Sixth Amendment right to appeal and appointment of appellate counsel.

## II.  Discussion

The instant petition must be dismissed without prejudice, because petitioner has yet to exhaust his claim with the state courts.

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *Id.* at 845.  This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).  The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969).  In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Petitioner acknowledges that he has not exhausted his claim with the state courts, but

appears to argue that any exhaustion should be waived because of the fact that he was never advised of his right to appeal or his right to the appointment of appellate counsel.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unneccesary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

In the present case, the failure of the state court to appoint counsel to assist petitioner with his appeal does not excuse petitioner from attempting to exhaust the issues raised in this petition with the Michigan appellate courts. *See Pillette v. Foltz,* 824 F. 2d 494, 498 (6th Cir. 1987)(petitioner's failure to meet exhaustion requirement could not be excused on grounds of futility merely because state trial court rejected petitioner's request for appointment of state counsel, where there was no indication that petitioner had filed for postconviction relief or that the state court would refuse to properly consider such motion).  Indeed, petitioner's argument has been rejected by other judges in this district involving other habeas cases brought by petitioner, in which he sought habeas relief from other convictions on the same ground that he has raised in this petition. *Warren v. Booker,* No. 2007 WL 2331874, * 2 (E.D. Mich. August 13, 2007)(Tarnow, J.);*Warren v. Booker*, No. 2007 WL 2261387, * 1 (E.D. Mich. August 6, 2007)(Zatkoff, J.); *Warren v. Booker*, No. 2007 WL 2049885, * 1 (E.D. Mich. July 17, 2007)(Gadola, J.); *Warren v. Booker*, No. 2007 WL 2080159,* 2 (E.D. Mich. July 17, 2007)(Friedman, J.).

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  May 19, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 19, 2009, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager